MORRISON v. JACKSON.

1. EVIDENCE—LOST PAPER.—The contents of a deed cannot be given in evidence until its loss or destruction is first established. *Reynolds* v. *Quattlebum*, 2 Rich., 144. But where plaintiffs claiming under an alleged lost deed prove its destruction, and give testimony as to its contents, and that B wrote it, and never wrote any other instrument for the alleged grantor, defendants may then prove by B that the only paper he ever wrote for such person was a will, and, for the purpose of identifying the admittedly lost instrument and giving its proper character to it, may testify as to its contents, without proof of any search for *a will.*

2. IBID.—IBID.—The responsibility of determining whether the testimony adduced is sufficient to establish the loss of a paper is devolved upon the Circuit Judge.

3. EXCEPTIONS.—Where the refusal to grant a new trial is not excepted to, a finding of fact by the Circuit Judge in his order of refusal furnishes no ground for an exception.

Before KERSHAW, J., Spartanburg, August, 1891.

Action by Maggie J. Morrison and J. R. Jackson against E. J. R. Jackson. The opinion states the case.

*Mr. Stanyarne Wilson,* for appellant.

*Messrs. Duncan & Sanders,* contra.

February 19, 1892. The opinion of the court was delivered by

MR. JUSTICE POPE. The appellants, who were plaintiffs, began their action in the Court of Common Pleas for Spartanburg County, which came on for trial before his honor, Judge Kershaw, and a jury, for the recovery of two hundred and twenty-five acres of land, on the 11th day of August, 1891. The jury found a verdict for the defendant, and after judgment was duly entered thereupon, an appeal was taken to this court upon two grounds: 1. Because his honor erred in permitting, over plaintiffs' objection, the testimony of J. E. Bomar, Esq., as to the contents of the alleged will of J. C. Jackson, deceased, without any proof of the

loss or destruction of said instrument.   2. Because his honor erred in holding, as matter of fact, that the evidence that the will testified to by Maj. Bomar was the same paper as that which had been destroyed for J. C. Jackson by the witness, Burnett, thereby invading the province of the jury.

It is unquestionably the law in this State that the contents of a deed cannot be given in evidence until its loss or destruction is first established. *Reynolds* v. *Quattlebum*, 2 Rich., 144; *Floyd* v. *Mintsey*, 5 *Id.*, 372; *Hill*, ex'or, v. *Hill*, 2 Hill, 542; 1 Greenl. Evid., § 558.   In *Reynolds* v. *Quattlebum*, *supra*, relied on by appellant, which was an action to try title to land, as is the case at bar, a certain witness, Rivers Gunter, had testified that he had seen a deed from Holston to his father for this land, and this was testified to before objection could be made.   Upon the judge requiring "the defendant" (it was his witness) "to proceed regularly and by competent evidence, if it was his design to prove the existence and loss of the deed referred to by the witness, such witness was asked what was done with the papers of his father, and in reply stated that they were all delivered to his youngest brother, who was not then present.   He was further asked if his father's deed had not been burnt, and he replied no, not that he ever heard of.   His honor ruled that, under these circumstances, the witness could not speak of the existence of the deed, especially as no search had been made for the deed, and no effort had been made to procure the subscribing witnesses to it, if, in fact, there had ever been such a deed.   If the evidence of the witness had been received, it would have gone to this extent—the existence and contents, boundaries and all, would have been established by one of the heirs at law, by his saying he had seen a deed of a certain purport and title."   We have been thus careful in reproducing the language of the court, both for the purpose of showing the decision so rendered and in order to express our unqualified approval thereof.

In the case at bar, the contention of the parties seems to be involved in the *identification* of a paper writing destroyed by being burned, and its *character*—whether a deed or will.   It was testified by two witnesses, Mrs. Nancy J. Jackson and Granville Burnett, that after the close of the war in January, 1866, John

C. Jackson, in the dwelling house of the witness, Mrs. Jackson, signed and sealed a paper writing in the presence of the witness Burnett, Mrs Adeline Burnett, his wife, and W. J. Wingo as witnesses thereto; that the same paper writing was delivered into the hands of Mrs. Nancy J. Jackson for her two little children, aged, respectively, at that time, five years and three years; that the paper writing was in the handwriting of J. E. Bomar, Esq., then ordinary for Spartanburg County; and John C. Jackson told Mrs. Jackson at that time that such paper had been prepared at his instance by Mr. Bomar, and that it was the only paper Mr. Bomar had ever prepared for him; that more than a month after its signature, the witness Burnett, at the request of John C. Jackson, procured the paper writing from Mrs. Jackson and carried it to John C. Jackson, and at John C. Jackson's request, and in his presence, burned such paper writing by placing it in the fire; that after the paper writing had been burned, John C. Jackson conveyed by deed this 225 acres of land to his son, M. P. Jackson, who thereafter conveyed it to the defendant; that the present plaintiffs are the two little children of Mrs. Nancy J. Jackson, having attained legal age.

The plaintiffs contended that the paper writing so destroyed was a deed of conveyance to them for this land while the defendant insisted that it was only a will. And herein consists the difference between this case and those previously cited. Here the testimony is made to bear upon the *identification* and *character* of one paper, by which paper the rights of the respective parties to this action depend, *and which paper was proved to have been destroyed.* Such being the case, we can see no ground of error in the conduct of the Circuit Judge at the trial in allowing the witness, Mr. Bomar, to testify as to the contents of the paper writing he had prepared for John C. Jackson at some time after the war in 1865, and before April, 1868, especially in view of the facts testified to by Mrs. Jackson, establishing that Mr. Bomar had prepared the paper destroyed, and concerning the contents of which paper she and the witness Burnett had testified at length in behalf of the plaintiffs. The responsibility is devolved upon the Circuit Judge to determine when a paper has been sufficiently established to be lost or destroyed, to en-

title its contents to be testified to. *Oliver* v. *Sale*, 17 S. C., 587; 1 Greenl. Evid., § 558.

As to second ground of appeal, we fail to find any declaration by the Circuit Judge in his rulings during the trial, or in his charge to the jury, that sustain the exception herein involved. The only reference made by the Circuit Judge to the matter complained of is in the order refusing a new trial; and of this order there is no complaint.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.